[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-15673
Non-Argument Calendar
_____

FILED

U.S. COURT OF
APPEALS
ELEVENTH CIRCUIT
June 27, 2005

D.C. Docket No.  03-02025-CV-RWS-1

EUGENE HARDIN,

Plaintiff-Appellant,

versus

CITY OF ATLANTA,
ANGELIQUE PULLEN,
et al.

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

(June 27, 2005)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Eugene Hardin, a taxi-cab operator whom an Atlanta administrative tribunal found guilty of violating several city ordinances, appeals pro se the district court's dismissal under Fed.R.Civ.P. 12(b) of his 42 U.S.C. § 1983 action alleging that the use of an administrative tribunal violated his federal constitutional rights, and the district court's grant of summary judgment to the defendants in his Georgia law action under supplemental jurisdiction, 28 U.S.C. § 1367, seeking a declaratory judgment stating that two Atlanta ordinances are preempted by state law, O.C.G.A. § 9-4-1, et seq.

Hardin's complaint named the City of Atlanta as well as several of its hearing officers as defendants. The hearing officers were sued both in their individual and official capacities.[1] The district court found that Hardin's state law claims were barred by his failure to give the ante-litem notice required by O.C.G.A. § 36-33-5. The district court also found that Hardin's § 1983 claims against the Individual Defendants were barred by qualified immunity and that his § 1983 claims against the Official Defendants failed as a matter of law because he had not stated facts establishing a federal constitutional violation.

---

[1] We will refer to the City of Atlanta and the hearing officers in their official capacities as the "Official Defendants," and refer to the hearing officers in their individual capacities as the "Individual Defendants." These labels correspond to the groups represented by each of the appellees's separate briefs.

On appeal, Hardin first argues that the Defendants violated his Sixth Amendment rights by improperly adjudicating his ordinance violations in administrative proceedings. We construe this argument as contending that Hardin stated valid § 1983 claims based upon the violation of his Sixth Amendment rights and that the district court erred in dismissing Hardin's § 1983 claims against the Individual Defendants and granting the Official Defendants summary judgment on the § 1983 claims against them. Second, Hardin argues that, because the Individual Defendants exceeded their authority under state law, the district court erred in dismissing his § 1983 claims against them. Third, Hardin argues that the district court erred by denying his motion for leave to amend his complaint.

Lastly, we note that arguments not raised in an appellant's initial brief are generally considered waived. See Farrow v. West, 320 F.3d 1235, 1242 (11th Cir. 2003). Because Hardin's initial brief did not challenge the district court's finding that his state law claims were barred by his failure to provide proper ante-litem notice, we decline to address Hardin's argument that the city ordinances under which he was fined were preempted by Georgia law.

"We review the district court's grant of summary judgment de novo, applying the same legal standards as the district court." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1242-43 (11th Cir. 2003) (stating standard of

3

review in § 1983 case). Summary judgment is appropriate if the evidence establishes "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); accord McCormick, 333 F.3d at 1243. Because the district court granted the Official Defendants summary judgment on Hardin's § 1983 claims, the above standard of review applies to its disposition of these claims.

"We review de novo a district court's decision to grant or deny the defense of qualified immunity on a motion to dismiss, accepting the factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." Dalrymple v. Reno, 334 F.3d 991, 994 (11th Cir. 2003). Because Hardin's § 1983 claims against the Individual Defendants were dismissed on the basis of qualified immunity, this standard of review applies to Hardin's claims against the Individual Defendants.

When a defendant asserts the defense of qualified immunity, "the first inquiry must be whether a constitutional right would have been violated on the facts alleged; second, assuming the violation is established, the question whether the right was clearly established must be considered." Saucier v. Katz, 533 U.S. 194, 200, 121 S. Ct. 2151, 2156, 150 L. Ed. 2d 272 (2001). Thus, the district court's dismissal of Hardin's § 1983 claims against the Individual

4

Defendants was appropriate if Hardin did not aver facts which would constitute the violation of a federal constitutional right.  See id.   Similarly, to suceed with his § 1983 claims against the Official Defendants, Hardin must establish a violation of a federal constitutional or statutory right.  Schwier v. Cox, 340 F.3d 1284, 1290 (11th Cir. 2003).  Thus, if Hardin did not create a question of material fact as to whether his federal constitutional rights were violated, the district court's grant of summary judgment to the Official Defendants on the § 1983 claims was proper.  See id.

"It is well-established that the Sixth Amendment, like the common law, reserves th[e] jury trial right for prosecutions of serious offenses, and that there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision."  Lewis v. United States, 518 U.S. 322, 325, 116 S.Ct. 2163, 2166, 135 L.Ed.2d 590 (1996).  Furthermore, "[a]n offense carrying a maximum prison term of six months or less is presumed petty, unless the legislature has authorized additional statutory penalties so severe as to indicate that the legislature considered the offense serious."  Id. at 326, 116 S.Ct. at 2166-67.  Similarly, the Sixth Amendment right to appointed counsel extends only to cases in which the accused is actually imprisoned.  Alabama v. Shelton, 535 U.S. 654, 661, 122 S.Ct. 1764, 1769, 152 L.Ed.2d 888 (2002).

In the instant case, none of the ordinances which Hardin was accused of violating carried the potential of a custodial sentence, nor does Hardin argue that any such sentence was imposed. Accordingly, Hardin was not entitled to a trial by jury or appointed counsel, and the denial of these procedural safeguards did not violate the Sixth Amendment.

We construe Hardin's argument that the Individual Defendants exceeded their authority under state law as contending that, because the defendants' actions were not authorized by state law, the district court erred in granting them qualified immunity. However, for the reasons that follow, we find it unnecessary to address whether the Individual Defendants exceeded their authority under state law.

In the instant case, Hardin has waived any § 1983 claim premised upon the violation of the First, Fourth, Fifth or Fourteenth Amendment by not arguing such a theory in his initial brief. See Farrow, 320 F.3d at 1242. Furthermore, while Hardin's first and second assignments of error in his appellate brief arguably contend that his Sixth Amendment rights were violated, this argument is without merit for the reasons discussed above. Accordingly, to the extent Hardin has not waived his constitutional claims, he has not properly alleged facts which would represent a violation of his federal constitutional rights and, therefore, did not plead a valid § 1983 cause of action. Accordingly, even assuming arguendo that

the Individual Defendants were not entitled to qualified immunity, the district court's dismissal of Hardin's § 1983 claims against the Individual Defendants was still proper.

We review a district court's denial of leave to amend for abuse of discretion. Bryant v. Dupree, 252 F.3d 1161,1163 (11th Cir. 2001). However, a district court's discretion to dismiss a complaint without leave to amend is severely restricted by Fed.R.Civ.P. 15(a), which requires that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); accord Bryant, 252 F.3d at 1163. Nevertheless, a district court need not grant leave to amend "where amendment would be futile." Bryant, 252 F.3d at 1163.

In the instant case, the district court concluded that Hardin's state law claims were barred by his failure to give proper ante-litem notice, and Hardin has not challenged this finding on appeal. Accordingly, because Hardin has waived the right to contest a fatal defect in his state law claims, these claims are no longer at issue. Furthermore, Hardin has not indicated what additional facts he would like to plead in support of his federal law claims, much less how any such facts would establish a § 1983 cause of action. Accordingly, the district court did not abuse its discretion by denying Hardin's motion for leave to amend.

Upon review of the district court record and briefs on appeal, we find no reversible error.

**AFFIRMED.**[2]

---

[2] Hardin's request for oral argument is denied.